IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 24-10148-JWB

KENNETH ADAM CREED,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 52.) The motion has been fully briefed and is ripe for decision. (Doc. 64.)[1] The motion is DENIED for the reasons stated herein.

**I. Facts**

Defendant was charged by indictment with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). (Doc. 14.) During the proceedings, Defendant was represented by David Freund, an Assistant Federal Public Defender. On June 26, 2025, Defendant pleaded guilty to a charge of production of child pornography, in violation of 21 U.S.C. § 2251(a), contained in a superseding information. The plea was pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement in which the parties proposed that Defendant be sentenced to a term of custody within the range of 35 to 40 years. (Doc. 33 at 2.) The factual basis for the plea was set forth as follows:

> Beginning at a time unknown and continuing until at least March 7, 2024, from his residence in Kansas, Kenneth Adam Creed used a prepubescent child to whom he had access to produce child pornography. For example, Kenneth Creed took an image of a child under the age of 5 (Minor Victim 1) that is a close up of that child's

[1] Defendant did not file a reply brief and the time for doing so has now passed.

> naked genitals. Identifying items in the picture establish that the photograph was taken at his residence in Kansas. The device that he used to take the image was not manufactured in Kansas.
>
> On or about March 7, 2024, Kenneth Creed was exchanging child pornography with another user on Google chats. During that conversation, Kenneth Creed sent a JPEG image of Minor Victim 1—with the image focused on the naked genitals of the child—to another user. Creed identified Minor Victim 1 during the conversation and admitted to sexually assaulting that child. The image traveled in interstate commerce, via the internet.

(Doc. 33 at 2, ¶ 2.)

During the plea colloquy, for which Defendant had been placed under oath, the court went over the plea agreement with Defendant in detail and also discussed the statutory penalties. Of significance, Defendant was facing a minimum sentence of twenty-five years and a maximum sentence of fifty years. The sentence was enhanced due to Defendant's prior conviction for aggravated indecent solicitation of a child in Kansas state court. (Doc. 56 at 9.) Defendant stated that he understood the potential sentence. Defendant also stated under oath that his attorney reviewed and discussed the plea documents with him, that they discussed the advantages and disadvantages of pleading guilty, and that he was completely satisfied with his counsel's representation. (*Id.* at 19.) The prosecutor then informed the court about the evidence that would be presented if the case went to trial. The proffer by the prosecutor set forth facts that were contained in the plea agreement. The court asked Defendant if everything the prosecutor said and everything contained in paragraph two of the plea agreement was true. Defendant responded that it was. (*Id.* at 35.) Defendant then told the court that it was his decision to plead guilty and that his attorney had not told him that he must plead guilty. (*Id.*)

On September 16, 2025, the court held a sentencing hearing. At the hearing, Defendant represented under oath that he was satisfied with his counsel's representation and that counsel had reviewed the presentence report with him. (Doc. 57 at 5.) The court accepted the plea agreement

and sentenced Defendant to 37.5 years imprisonment. (Doc. 42.) Defendant did not file an appeal. Defendant timely filed this motion to vacate his sentence. The government moved to compel defense counsel to file an affidavit regarding Defendant's claims. (Doc. 53.) The court granted the motion. (Doc. 61.) The court ruled that defense counsel was to address narrowly tailored issues that were set forth in the motion to compel. Defendant was also notified that he could file a reply as provided by Rules 5(d) and 7(c) of the Rules Governing Section 2255 Proceedings. (*Id.* at 2.) Defendant has not filed a reply brief nor has he filed a response to the affidavit.

**II. Standard**

Section 2255(a) of Title 28 of the U.S. Code provides in part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Unless the motion and the record of the case conclusively show the prisoner is entitled to no relief, the court must promptly grant a hearing. 28 U.S.C. § 2255(b). However, if it plainly appears from the motion, any attached exhibits, and the record that the moving party is not entitled to relief, the judge must dismiss the motion. Rule 4(b), Rules Governing Section 2255 Proceedings. *See United States v. Santiago*, No. 19-10055-JWB, 2021 WL 663201, at *3 (D. Kan. Feb. 19, 2021).

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding, including when he enters a guilty plea." *Lee v. United States*, 582 U.S. 357, 363 (2017). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result." *Id*. (quoting *Strickland v. Washington*,

466 U.S. 668, 688, 692 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Strickland*, 466 U.S. at 689. To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## III. Analysis

Defendant asserts that his plea was involuntary due to ineffective assistance of counsel. He raises three arguments in support of his motion and the court will address them in turn.

### A. Advice Regarding Plea

Defendant's first claim is that his counsel advised him to plead guilty "primarily on the basis that judges are more respectful of defendants who admit wrongdoing and that pleading guilty would result in a more favorable sentence." (Doc. 52 at 4.) Defendant fails to set forth any additional argument or facts regarding counsel's advice with respect to the plea agreement. Defendant has not shown that counsel's advice regarding his plea was deficient and that he was prejudiced as a result. Rather, his claim is vague and conclusory and can be denied on that basis.

Nevertheless, it is clear from the record that pleading guilty did result in a more favorable sentence in this case. The statutory maximum for the production charge was 50 years, but this court was bound to sentence Defendant within the range bargained for by the parties after the court accepted the Rule 11(c)(1)(C) plea agreement. Further, based on counsel's affidavit, the government intended to seek additional penalties, including for a violation of 18 U.S.C. § 2260A, which would have resulted in a mandatory ten-year sentence, consecutive to all other counts, upon conviction. (Doc. 63 at 8.) It is also clear from the record that there was significant evidence of

Defendant's guilt and a *Mirandized* confession from Defendant. (Doc. 63.) Counsel's affidavit details his discussions with Defendant regarding the evidence against him, the plea agreement, and the potential sentencing outcomes. Defendant's vague claim that counsel was ineffective in advising him to plead guilty is insufficient to support a claim that counsel's performance fell below an objective standard of reasonableness in advising him regarding his plea.

**B. Failure to Investigate**

Next, Defendant states that "counsel did not adequately investigate the evidence or fully evaluate possible legal challenges." (Doc. 52 at 4.) This claim is entirely conclusory. Although the court construes Defendant's motion liberally, the court is not required to "fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018) (affirming the denial of a § 2255 claim that raised a conclusory failure to investigate) (citing *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)). Therefore, this claim lacks merit and does not warrant a hearing.[2]

**C. Failure to Explain Sentencing Consequences**

Finally, Defendant states that trial counsel "failed to properly explain the true sentencing consequences of pleading guilty, including Defendant's full sentencing exposure and the effect of sentencing enhancements." (Doc. 52 at 4.) Again, this claim is entirely conclusory and Defendant provides no supporting factual averments regarding trial counsel's advice. Therefore, the claim lacks merit and can be denied on this basis.

---

[2] Alternatively, it is clear from counsel's unrebutted affidavit that he exhaustively investigated the evidence and evaluated potential legal challenges. (Doc. 63.)

Further, this claim is contradicted by the record in this matter. During the plea colloquy, the court thoroughly reviewed the plea agreement and the consequences of pleading guilty. The court extensively reviewed the statutory penalties with Defendant. The court also explained how the Rule 11(c)(1)(C) plea worked and asked Defendant the following: "Have you talked to your lawyer about the sentencing guidelines, how all that impacts the sentence that the guidelines would recommend for you and how it otherwise plays out in your case?" (Doc. 56 at 28.) Under oath, Defendant stated that he had.

Therefore, Defendant's conclusory allegation that his trial counsel failed to discuss the sentencing consequences of his guilty plea is foreclosed by the record and a hearing is not required.

As a final note, even if the allegations created a factual issue as to whether counsel was ineffective, Defendant has not shown prejudice as a result. To establish prejudice, Defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a claim challenging a guilty plea, *Strickland's* prejudice prong ordinarily requires a defendant to demonstrate "there is a *reasonable probability* that, but for [his] counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." *United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2756 (2022) (emphasis in original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In doing so, Defendant "must convince the court that [his] decision to reject the plea . . . would have been *rational under the circumstances*." *Id.* at 1112 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). It is "often quite difficult" for defendants who have entered a guilty plea to meet this standard. *Id.* Here, Defendant does not even attempt to satisfy his burden. He merely states he "would have insisted on proceeding to trial

or further litigation in this case." (Doc. 52 at 4.) That is not sufficient. Moreover, it does not unequivocally state that he would have insisted on going to trial.

In sum, Defendant has not met his burden to show that his counsel's performance was deficient in any respect.

## IV. Conclusion

Defendant's motion to vacate sentence (Doc. 52) is DENIED.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED. Dated this 17th day of August, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE